IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**WILLIAM BRUMFIELD,**

  **Plaintiff,**

v.           Case No. 2:10-cv-01190

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

  **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATION

  On October 6, 2010, Plaintiff filed a "Complaint for Review of the Decision of the Commissioner of Social Security" (docket sheet document # 2) and an Application to Proceed Without Prepayment of Fees and Costs (# 1).  This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition.

  On October 7, 2010, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and directed that service of process take place. (# 5).  According to the docket sheet, the summons was returned as executed on the Commissioner on October 14, 2010, and due date for the Commissioner's answer is December 13, 2010.

On October 18, 2010, the Clerk's Office received additional summonses addressed to individuals who reside in the states of Georgia and Ohio. The undersigned's staff communicated with Plaintiff and determined that a status conference was necessary.

On November 4, 2010, a status conference was held in this matter. (# 7). Plaintiff appeared in person, along with a gentleman named Moses Maynard, Jr., who drove Plaintiff to the courthouse. Plaintiff was placed under oath and the undersigned inquired about his claims. The undersigned was able to determine the following facts:

Plaintiff was involved in a work-related accident while employed at Goodyear Tire and Rubber Company in the State of Georgia. Plaintiff sought Worker's Compensation benefits in Georgia, and although his employer apparently initially contested the award of such benefits, a settlement was ultimately reached, and Plaintiff received payment for the Worker's Compensation award, minus his attorney's fees and some money which his attorney had previously advanced to him.

In 1995, Plaintiff was determined to be disabled by the Social Security Administration and began receiving Social Security benefits. However, there was a setoff of his Worker's Compensation benefits from his Social Security benefits. Plaintiff stated that this process was not explained to him.

Plaintiff was upset with the way the settlement of his Worker's Compensation case was handled, and apparently filed a lawsuit in a Georgia state court. In the course of that proceeding, Plaintiff was awarded an additional $5,000.

In 2002, Plaintiff was accused of stalking one of the adjusters involved in his Worker's Compensation case and was prosecuted and convicted of aggravated stalking in Georgia.[1] Plaintiff was incarcerated from March 28, 2002 until April 3, 2008, during which time he did not receive any Social Security benefits, pursuant to federal law. Upon his release from prison, Plaintiff spent one year in a halfway house, and then began a term of probation.

Plaintiff has serious health problems. As a result of his health, the Superior Court of Bartow County, Georgia has terminated Plaintiff's sentence of probation. At some point, Plaintiff moved to Harts in Lincoln County, West Virginia, where he presently resides.

Upon his release from incarceration, Plaintiff again began receiving Social Security benefits. Plaintiff stated, however,

---

[1] Plaintiff gave the court the impression that the stalking charge was in Bartow County, Georgia. However, he indicated that he is serving a term of probation in Fulton County, Georgia, as well. Papers submitted by Plaintiff contain an Order for early termination of his probation in Bartow County, and that Order indicates that Plaintiff was sentenced to a term of 10 years on a charge of Theft by Taking and Entering Motor Vehicle. Thus, it appears that Plaintiff's aggravated stalking conviction may have occurred in Fulton County, Georgia.

that he believes his benefit payment has been calculated incorrectly. During the course of the hearing, the undersigned reviewed various documents that Plaintiff brought with him.

Based upon a review of those documents and discussions with Plaintiff on the record, it is apparent that Plaintiff has not exhausted the Social Security Administration's administrative remedy process prior to filing the instant civil action.

The undersigned took great effort to explain to Plaintiff that, if he has a good faith belief that his Social Security benefit has been improperly computed, he must address his complaint to the Social Security Administration and complete each step of the administrative remedy process before filing a Complaint in federal court. The undersigned further explained to Plaintiff that this federal court does not have jurisdiction over any of the individuals or companies involved in his Worker's Compensation case in Georgia, which occurred approximately 15 years ago, and that he cannot obtain any relief on claims related to that issue in this court.

Accordingly, for the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's Complaint, without prejudice, for failure to exhaust administrative remedies.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to

the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

    November 9, 2010
            Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge