IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIAM BRUMFIELD,

        Plaintiff,

v.                                              CIVIL ACTION NO.  2:10-cv-01190

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

      Before the Court is Plaintiff William Brumfeld's Complaint seeking review of the decision of the Commissioner of Social Security [Docket 2].  By Standing Order entered August 1, 2006, and filed in this case on October 6, 2010, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R).  Magistrate Judge Stanley filed her PF&R [Docket 10] on November 9, 2010, recommending that this Court affirm the final decision of the Commissioner and dismiss this matter from the Court's docket.

      The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of de novo review and the Plaintiff's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989);

*United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due on November 26, 2010. Objections were filed on December 7, 2010, nearly two weeks after the objections deadline had passed. Furthermore, Plaintiff's objections make no coherent argument for setting aside the Magistrate Judge's PF&R. Instead, Plaintiff baldly claims that Magistrate Judge Stanley lied in her PF&R, attaching over 100 pages of medical and other records, newly-filed social security documents, and a series of written notes to the Court scattered throughout.

The Court cannot meaningfully review the PF&R when presented with such objections, and it is not required to do so under Fourth Circuit precedent. Moreover, the Magistrate Judge's PF&R recommends dismissal of this action for failure to exhaust administrative remedies and lack of jurisdiction. Although Plaintiff has apparently initiated those unexhausted administrative remedies, those actions do not cure the procedural defects set forth in the PF&R. *See Mathews v. Diaz*, 426 U.S. 67, 76 (1976) (final decision by Commissioner of Social Security is prerequisite of federal jurisdiction pursuant to Social Security Act); *McNeil v. United States*, 508 U.S. 105, 122 (1980) (where failure to exhaust administrative remedies is a jurisdictional defect, that defect cannot be cured by administrative exhaustion after suit is filed). Plaintiff is encouraged to pursue all meritorious claims, but this Court is not the appropriate avenue for the relief presently sought.

Accordingly, the Court **ADOPTS** the PF&R [Docket 10], **AFFIRMS** the final decision of the Commissioner and **DISMISSES** this case from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 21, 2011

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE